# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| BELINDA BAKER, et al., | : | Case No: 1:18-cv-00757 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Karen L. Litkovitz |
| v. | : | |
| | : | |
| BENSALZ PRODUCTIONS LLC, et al., | : | **PLAINTIFFS' COLLECTIVE REPLY** |
| | : | **TO DEFENDANTS' OPPOSITION** |
| Defendants. | : | **TO PLAINTIFFS' MOTION FOR** |
| | : | **LEAVE TO FILE AMENDED** |
| | : | **COMPLAINT AND TO ADD** |
| | : | **ADDITIONAL PARTIES** |
| | : | |

Plaintiffs Belinda Baker ("Baker"), Starborne Productions, LLC ("Starborne"), and Starbreacher Enterprises LLC ("Starbreacher"), through counsel, respectfully file their collective Reply to the separate Memoranda in Opposition to Plaintiffs' Motion for Leave to Amend the Complaint and Add Additional Defendants filed independently by Defendants' BenSalz Productions LLC ("BenSalz") and Excel Sports Management LLC ("Excel") and set forth as follows:

## I.  INTRODUCTION

Defendants BenSalz and Excel (collectively, the "Defendants") oppose Plaintiffs' Motion for Leave to Amend the Complaint and Add Additional Parties for essentially the same basic reasons. Therefore, Plaintiffs are responding to both Memoranda in Opposition together in the interest of efficiency.

In short, Plaintiffs' Motion should be granted in the interest of justice and judicial economy. Plaintiffs would be significantly prejudiced if their motion is denied because Defendants are essentially seeking the dismissal of all of Plaintiffs' claims in the guise of responsive memoranda to Plaintiffs' Motion for Leave to Amend the Complaint. Both Defendants have repeatedly made baseless conclusory statements in their respective Motions to Dismiss and Memoranda in Opposition to

Plaintiffs' Motion for Leave to Amend that Plaintiffs' effort to amend the complaint is futile, yet neither Defendant offers any legitimate reason why that would be so. Both Defendants primarily rely on the argument that the Court does not have personal jurisdiction over the Defendants as already raised in their respective Motions to Dismiss, therefore the proposed Second Amended Complaint must be futile. Yet this argument is legally irrelevant.

Defendant Excel offers two other theories why the Court should deny Plaintiffs' Motion for Leave to Amend: Plaintiffs supposedly abandoned their claims by not addressing them in connection with Defendants' motions to dismiss and Plaintiffs' Motion for Leave to Amend should be denied due to delay. However, these arguments have absolutely no merit as explained further below.

Pursuant to Rule 15, Plaintiffs Belinda Baker ("Baker"), Starborne Productions, LLC ("Starborne"), and Starbreacher Enterprises LLC ("Starbreacher") respectfully move this Court for leave to file the attached Second Amended Complaint. Plaintiffs filed their original Complaint on November 4, 2018. Plaintiffs amended their Complaint on December 20, 2018 prior to any Defendants filing a responsive pleading. Defendant Excel Sports Management LLC ("Excel") filed its Motion to Dismiss on March 11, 2019, followed by Plaintiffs' Response on April 23, 2019 and Defendant Excel's Reply on May 6, 2019. Defendant BenSalz Productions LLC ("BenSalz") filed its Motion to Dismiss on March 27, 2019, followed by Plaintiffs' Response on May 9, 2019 and Defendant BenSalz's Reply on May 31, 2019. There is currently no scheduling order setting forth a deadline to amend the pleadings and Defendants have not filed answers to the First Amended Complaint.

II. ARGUMENT

    A. **Any "Futility" Must be Obvious, with "Far Reaching Analysis" Reserved for the Dismissal Motion Context.**

Defendants BenSalz and Excel both argue that leave to amend should be denied because amending would be "futile." (Doc. No. 43, PageID 603; Doc. No. 44, PageID 608.) But any finding of futility must be based on obvious futility under a less far-reaching analysis than that for an actual motion to dismiss. As previously stated in Plaintiffs' Motion for Leave to Amend, the rule is that leave to amend "shall be freely given when justice so requires." *Forman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted). Applying the liberal standard for amending pleadings, especially in early stages of a lawsuit, is the best way to ensure that cases will be decided justly and on their merits. *Id.* This well-established policy necessarily requires that any futility exception be based on obvious futility. The concept of futility as a bar to amendment is a narrow one that generally applies only where the proposed amendment is clearly insufficient or frivolous on its face. *Jackson Nat'l Life Ins. Co. v. Greycliff Partners, Ltd.*, 2 F. Supp. 2d 1164, 1168 (E.D. Wis. 1998). The liberal standard for motions to amend gives the parties and the Court the needed latitude to make decisions on the merits and "based on a fully-briefed dispositive motion, not on a finding of futility" made within a more constrained motion to amend context. *Id.*

The analysis of futility here must be less far reaching than that for an actual motion to dismiss, with Plaintiffs' burden thus being lower: "the question of sufficiency of the pleadings should be considered in the context of a motion to dismiss, not a response to a motion for leave to amend." *Smith v. Robbins & Myers*, 2012 WL 5845072 at *1 (S.D. Ohio Nov. 19, 2012). Plaintiffs do not bear the same burden here as they would when responding to a motion to dismiss, as they undoubtedly will have the opportunity to do once Defendants file new motions to dismiss directed at the Second Amended Complaint. Requiring otherwise would be putting the horse before the cart. Defendants want Plaintiffs to meet the standard of proof appropriate for a motion to dismiss while arguing a motion for leave to amend, even though the proposed Second Amended Complaint addresses

standing issues Defendants asserted in their previously filed motions to dismiss directed at the First Amended Complaint.

Defendants also reiterated their arguments from their motions to dismiss regarding personal jurisdiction. Though the issue has been briefed already in that context, Plaintiffs provide the following limited response focusing on the key element of minimum contacts because the proposed Second Amended Complaint alleges additional facts pertinent to the issue.

The Ohio Supreme Court in *Ky. Oaks Mall Co. v. Mitchell's Formal Wear*, 53 Ohio St. 3d 73, 77 (1990), provided importance guidance on the subject:

> [A] nonresident defendant has purposefully established minimum contacts "* * * where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State * * * where the defendant 'deliberately' has engaged in significant activities within a State * * * or has created 'continuing obligations' between himself and residents of the forum * * * he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in the forum as well." (Citations omitted). Furthermore, minimum contacts are satisfied when the defendant foreseeably causes injury in the forum state if "* * * the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).
>
> * * *
>
> Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.' * * * Thus courts in 'appropriate case[s]' may evaluate 'the burden on the defendant,' 'the forum State's interest in adjudicating the dispute,' 'the plaintiff's interest in obtaining convenient and effective relief,' 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and the 'shared interest of the several States in furthering fundamental substantive social policies.' * * * <u>These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required</u> (emphasis added). * * * On the other hand, where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable. (Citations omitted).

In light of this standard, Plaintiffs believe that the extensive factual allegations regarding the various Defendants and their respective conduct both in terms of business dealings with Plaintiffs as well as the tortious injuries caused against Plaintiffs support a finding of minimum contacts with the State of Ohio. Yet Defendants will have ample opportunity to fully brief this issue by filing a subsequent motion to dismiss. Defendant Excel asks the Court to make a determination on personal jurisdiction based solely on the First Amended Complaint so that "Excel will avoid the time and expense of having to prepare another motion to dismiss addressing the Second Amended Complaint." (Doc. No. 44, PageID 609). But Defendants' need to draft multiple motions or responses does not amount to the level of prejudice that justifies denying a motion for leave to amend. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002).

Defendant Excel believes that the proposed Second Amended Complaint to be futile because of its argument that the statute of limitations has run on certain claims. (Doc. No. 44, PageID 609). Although it is unclear whether Defendant Excel was referring to some subset of Plaintiffs' claims or all of them, what is clear is that a plain reading of the proposed Second Amended Complaint renders this argument moot. Defendant Excel essentially asks the Court to toss aside all the factual allegations contained in the proposed Second Amended Complaint in favor of its assertion that all the events took place before October 2012. *Id.* By so doing, Defendant Excel is asking the Court to defy the mandate that all facts and inferences must be construed in a light most favorable to Plaintiffs in this context. *Id.*

In short, the proposed Second Amended Complaint is not futile. The claims as alleged in the proposed Second Amended Complaint are arguably sufficient. It is therefore a sound exercise of discretion for the Court to permit the claims to be pleaded and to allow the merits of the claims to be tested by way of a motion to dismiss. Mrose/Diesel, Inc. v. Fidelity and Deposit Co. of Md.,

Finally, the amendment is timely. This litigation was commenced on November 5, 2018. Since then, no answers have been filed in this case by any Defendant, no discovery has been commenced and no scheduling order has been entered by the Court. The litigation is still in its infancy. Consequently, Defendants cannot show that they would suffer prejudice as a result of the timely amendment.

### B. Plaintiffs Did Not Abandon Their Claims by Addressing Defendants' Arguments in Their Respective Motions to Dismiss with a Motion for Leave to Amend.

Both Defendants argued in their respective replies in support of their motions to dismiss that Plaintiffs' failure to address Defendants' defenses, other than the jurisdictional issue, constitutes "abandonment" of their claims. (Doc. No. 29, PageID 500; Doc. No. 33, PageId 522 - 523). Defendant Excel reiterates that argument in their Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend. (Doc. No. 44, PageID 610). In support therefore, Defendants rely on *Dickson v. Gen. Elec. Co.*, No. 4:15-cv-353, 2015 WL 1530660 (N.D. Ohio Apr. 6, 2015) and *Brown v. VHS of Michigan, Inc.*, 545 F.App'x 368, 372 (6th Cir. 2013). However, both cases are distinguishable from the case at bar.

In *Dickson*, the defendant also requested leave to amend her complaint, yet never actually did so, leaving the court "uninformed of how the complaint may be revised." *Dickson* at *3. In this case, Plaintiffs has filed a proposed Second Amended Complaint along with its Motion for Leave to Amend. Therefore, the Court has the information necessary to act on the motion for leave to amend.

*Brown* is similarly distinguishable as it relates to a motion for summary judgment, and not a motion to dismiss. Again, Plaintiffs did not abandon their claims merely by relying on the proposed Second Amended Complaint as a response to arguments made in Defendants motions to dismiss. The granting of the motion for leave to amend, which Plaintiff reasonably relied upon in this context, would appropriately render such arguments moot.

Defendants also cite two other cases purportedly in support of the notion that a failure to respond constitutes a waiver in the context of a motion to dismiss, namely *Mullins v. Cyranek*, 1:12-cv-384, 2014 WL Case 3573565 (S.D. Ohio July 21, 2014) and *Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 Fed. App'x. 409, 412 (6th Cir. 2013). Defendants uniformly cite *Mullins* for the proposition that "failure to oppose dismissal of claims constitutes waiver of plaintiff's claims." (Doc. No. 29, PageID 500; Doc. No. 33, PageID 522). *Mullins* was an excessive use of police force case wherein the court, in a footnote, stated that certain other claims were "dismissed unopposed." There is no discussion whatsoever or even any information about whether the dismissal was the result of a motion to dismiss or some other motion-driven action by the court. It is unclear how Defendants extrapolated this into the proposition of law that such failure constituted waiver of claims in a motion to dismiss context.

Defendants also uniformly cite *Allstate Ins. Co.* for the proposition that "plaintiff's failure to address that portion of defendant's motion to dismiss based upon lack of standing constituted waiver of the argument." (Doc. No. 29, PageID 501; Doc. No. 33, PageID 522 – 523). In *Allstate Ins. Co.*, the plaintiff failed to respond to defendants' contention that plaintiff was reimbursed for certain payments plaintiff made to defendants, and in so doing, plaintiff was deemed to have admitted that it was paid. *Allstate Ins. Co.*, 520 F. App'x at 412. Again, it is unclear how the Defendants extrapolated the proposition of law from this context and applied it to the case at bar, especially in light of the fact that Plaintiffs did, in fact, respond to Defendants' respective motions to dismiss.

Both Defendants stated at some point that Plaintiffs, who initiated this action *pro se* and filed the First Amended Complaint without aid of counsel, should be held to the same standards as any other litigant, insisting that the Court rule on their motions to dismiss directed at the First Amended Complaint. Yet the courts have made it clear that *pro se* litigants should be afforded some leniency. *See Lawler v. Marshall*, 898 F.2d 1196, 1200 (6th Cir. 1990) (explaining "it is clear that leniency in the strictures of pleading should be shown to *pro se* plaintiffs"); *Gordon v. England*, 354 F. App'x 975, 981–

82 (6th Cir. 2009) (remanding for leave to amend based on allegations presented to the appellate court, since the plaintiff "was proceeding *pro se* and was likely to have been unaware of the requirements of Rule 15"). In light of the history of this case, and the inapplicability of the provisions of law offered by Defendants, Plaintiffs respectfully request that the Court grant them leave to amend the Complaint.

### C. Plaintiffs' Motion for Leave to Amend is Timely.

Defendant Excel asks the Court to deny Plaintiffs' Motion for Leave to Amend because it is "untimely." (Doc No. 44, PageID 611). However, none of the Defendants have filed Answers to the Complaint, instead opting to attack Plaintiffs' First Amended Complaint with motions to dismiss. To date, the Court has yet to rule on those motions to dismiss.

A particularly instructive case is *Morse v. McWhorter*, 290 F.3d 795 (6th Cir. 2002): the district court in *Morse* denied a post-judgment motion for leave to amend based on plaintiffs' failure to seek amendment during the two-year period between when the magistrate judge recommended that the complaint be dismissed and when the district court overruled plaintiffs' objections to that recommendation and dismissed the case. *Id.* at 798. The Sixth Circuit noted a preference for earlier amendment, but nonetheless reversed, holding that plaintiffs were under no obligation to amend the complaint until the district court ruled on the motion to dismiss. *Id.* at 800.

Despite the passage of a year since Plaintiffs filed their original Complaint *pro se*, this litigation, for all intents and purposes, is still in its earliest stage. There is no doubt that Plaintiffs' Motion for Leave to Amend is timely.

## III. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court grant them leave to amend their Complaint and to add additional parties. If granted, there is no reason Defendants cannot challenge the Second Amended Complaint with renewed motions to dismiss that will give all parties the opportunity to fully brief the issues. Furthermore, allowing Plaintiffs to file the Second Amended

Complaint would serve justice and promote judicial efficiency and there is no undue delay, bad faith, or dilatory motive by Plaintiffs, and Defendants cannot show prejudice by the amendment. Therefore, Plaintiffs respectfully request leave to file the Second Amended Complaint.

Respectfully submitted,

/s/ John (Hui) Li
John (Hui) Li
Ohio Bar No.: 0082661
HORENSTEIN NICHOLSON & BLUMENTHAL, LPA
124 E. 3rd Street, Suite 500
Dayton, Ohio 45402
Phone: (937) 224-7200
Fax: (937) 224-3353
jli@hnb-law.com

*Attorney for Plaintiffs*

## Certificate of Service

I hereby certify that on November 23, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a copy of the document and a notice of electronic filing to Defendants in this matter.

/s/ John (Hui) Li
John (Hui) Li (#0082661)